SUMMARY ORDER
Plaintiffs-appellants Seven Hanover Associates, LLC, Water/Pearl Associates, LLC, and Builtland, LLC (jointly, “plaintiffs”), appeal from the District Court’s grant of summary judgment in favor of defendant-appellee Jones Lang LaSalle (“defendant”). Plaintiffs’ action stems from their contracts with defendant for property management and leasing services. In an order dated February 19, 2008, the District Court granted in part defendant’s motion for summary judgment dismissing plaintiffs’ non-contract claims, including allegations of: fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, conversion, negligent supervision and retention, and trespass to chattel. It also dismissed plaintiffs’ requests for equitable remedies, punitive damages, consequential damages for fraudulent concealment, and an accounting of all monies paid to defendant. The District Court denied defendant’s motion for summary judgment with respect to plaintiffs’ breach-of-contract claims and a counterclaim for breach of a brokerage agreement. Subsequently, by a stipulation dated December 1, 2008, the parties agreed to dismiss the counterclaim and claim for breach of contract with prejudice. We assume the parties’ familiarity with the underlying facts, the *50 procedural history, and the issues on appeal.
We review de novo the District Court’s decision to grant summary judgment and, in the course of that review, we draw all permissible factual inferences in favor of the non-moving party. See, e.g., Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir.2008). Plaintiffs argue that the District Court erred in granting summary judgment on its non-contract claims and requests for non-contractual relief because defendant allegedly owed plaintiffs a duty beyond their contractual relationship, thus giving rise to liability in tort for violation of that duty. Plaintiffs further assert that their contractual relationship with defendant does not extinguish defendant’s duty to respect plaintiffs’ property rights and defendant’s duty to faithfully discharge its obligations.
The District Court ruled specifically on this issue, concluding that “[t]o the extent that the Defendant owes any duties to Plaintiffs, the duties arise from the contracts .... [Existing codes of ethics and conduct] do not create a duty apart from the contracts and they do not create a fiduciary relationship between the parties.” Seven Hanover Assocs., LLC v. Jones Lang Lasalle Ams., Inc., 2008 WL 464337 at *4 (S.D.N.Y.2008). It then concluded that, “[s]ince Plaintiffs’ tort claims are based on the same factual allegations and same alleged duties as the breach of contract claim, and because there are no duties independent of the contract, the non-contractual claims must be dismissed.” Id. We agree with the District Court that defendant owed no duty to plaintiffs outside of their contractual agreement — a conclusion that necessitates dismissal of plaintiffs’ non-contractual claims and requests for equitable remedies and punitive damages.
We have considered plaintiffs’ remaining arguments and, substantially for the reasons stated by the District Court in its well-reasoned order of February 19, 2008, Seven Hanover Assocs., LLC., 2008 WL 464337, find them to be without merit.

CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.